**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>F21 OpCo, LLC, [1]<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 25-10469 (MFW) |
| Steven Balasiano of MHR Advisory Group, LLC, as Plan Administrator for F21 OpCo, LLC,<br><br>Plaintiff,<br>vs.<br><br>Defendants Listed on Exhibit "A,"<br><br>Defendants. | Objection Deadline: November 12, 2026 at 4:00 p.m. E.T.<br>Hearing Date: December 8, 2026 at 10:30 a.m. E.T. |

**MOTION FOR ENTRY OF AN ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE**

Steven Balasiano of MHR Advisory Group, LLC, in his capacity as Plan Administrator (the "Plaintiff" or "Plan Administrator") for the above-captioned Post-Effective Date Debtor in the above-captioned case, by and through his undersigned counsel, hereby moves (the "Procedures Motion"), pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for the entry of an order (the "Proposed Procedures Order") establishing streamlined procedures governing all adversary proceedings brought by Plaintiff seeking to avoid

[1] The post-effective date debtor's (the "Post-Effective Date Debtor") service address is c/o MHR Advisory Group, LLC, 6701 Bay Parkway, 3rd Floor, Brooklyn, New York 11204, Attn: Steven Balasiano. On December 15, 2025, the Court entered a final decree closing the chapter 11 cases of Debtor F21 Puerto Rico, LLC, Case No. 25-10470, and Debtor F21 GiftCo Management, LLC, Case No. 25-10471 (the "Closed Debtors" and, collectively with the Post-Effective Date Debtor, the "Debtors").

and recover transfers pursuant to sections 502, 547, 548, 549 and 550 of the Bankruptcy Code, as identified on the schedule attached hereto as **Exhibit A** (the "Avoidance Actions"). In support of the Procedures Motion, Plaintiff respectfully states as follows:

## PRELIMINARY STATEMENT

1. In order to efficiently administer and resolve the volume of Avoidance Actions filed in the Chapter 11 Case, Plaintiff proposes that certain procedures, as detailed in **Exhibit B**, be implemented to (a) eliminate the requirement of a Bankruptcy Rule 7026(f) scheduling conference and, in lieu thereof, setting procedures and timetables for service of Bankruptcy Rule 7026 disclosures and for conducting fact and expert written discovery and depositions; (b) establish extensions to the responsive pleading deadline; and (c) establish procedures and timetables requiring the Avoidance Actions be referred to non-binding mediation (collectively, the "Proposed Procedures").

2. Plaintiff believes that in setting forth structured procedures for the efficient resolution of the Avoidance Actions, the Proposed Procedures further the purpose of the applicable Bankruptcy Rules and the Local Rules. Like the applicable Bankruptcy Rules and Local Rules, the Proposed Procedures are designed to promote the cost-effective, timely resolution of the Avoidance Actions and to further the goals of judicial economy and efficiency.

3. Local Rule 7016-1(e) provides that a movant noticing a procedures motion prior to the pretrial date must demonstrate good cause. As a hearing on the Procedures Motion, if any, will occur on the same date as the scheduled pretrial hearing, rather than before the pretrial, a demonstration of good cause should not be necessary; however, to the extent good cause is required, ample good cause exists. This Procedures Motion seeks to give all Defendants (defined herein) in the Avoidance Actions an automatic, additional 60-day extension of time to file

responses to their respective complaints. Holding the hearing on the Procedures Motion at the same time as the pretrial hearing will alleviate any uncertainty for Defendants as to the deadline to file a responsive pleading. Additionally, good cause exists to hear the Procedures Motion on the same date as the pretrial hearing, as this results in a single hearing date for any Defendants choosing to attend and participate in the hearing.

## JURISDICTION AND BASIS FOR RELIEF

4. This Court has jurisdiction to consider the Procedures Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (F), (H), and (O).

5. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested in the Procedures Motion are sections 105(a), 105(d), 502, 547, 548, 549 and 550 of the Bankruptcy Code; Rules 7004, 7012, 7016, 7026, and 9006 of the Bankruptcy Rules; and Local Rules 7016-1, 7016-2, 7026-3, 9006-1, 9019-2, and 9019-5. The requested relief is also justified under and consistent with the *General Order Regarding Procedures in Adversary Proceedings* dated April 7, 2004, as amended on April 11, 2005, and as modified herein (the "General Order").

## BACKGROUND

7. On March 16, 2025 (the "Petition Date"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. On March 18, 2025, the Court entered an order directing the joint administration of the Debtors' chapter 11 cases for procedural purposes pursuant to Bankruptcy Rule 1015(b). [D.I. 70].

8. On June 24, 2025, the Court entered an order (the "Confirmation Order") [D.I. 493] confirming the *Debtors' Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* [D.I.

493-1] (the "Plan"), together with all supplements and exhibits thereto, including the *Plan Administration Agreement* (the "Agreement") [D.I. 452, Ex. B].[2]

9. The effective date of the Plan (the "Effective Date") occurred on June 30, 2025. [D.I. 514].

10. Pursuant to paragraph 73 of the Confirmation Order and section IV.D.2 of the Plan, as of the Effective Date, Distribution Co. Assets,[3] including Retained Causes of Action under Chapter 5 of the Bankruptcy Code ("Avoidance Actions"), were vested in the Distribution Co.[4]

11. On December 15, 2025, the Debtors' cases were closed with the exception of the Reorganized Debtor's Chapter 11 Case (the "Closing Order"). [D.I. 660]. All pending and future matters related to the Chapter 11 Cases, including Causes of Action, shall be filed, administered, and heard in the Post-Effective Date Debtors' Chapter 11 Case. Notwithstanding the closed cases, Plaintiff retains the right to investigate, commence, pursue, institute, file, prosecute, enforce, abandon and settle the Avoidance Actions subject to the terms of the Agreement. *Id.* As further provided under the Closing Order, no party shall be entitled to assert that the closing of the Closed Debtors' cases bars the pursuit of any Causes of Action pursuant to section 546(a)(2) of the Bankruptcy Code, so long as the Post-Effective Date Debtor's case remains pending. *Id.*

12. Pursuant the Plan, Confirmation Order, and Agreement, Plaintiff was appointed the exclusive trustee of the Debtors' Estates and Distribution Co. and was, among other things, granted the authority to compromise, settle, and/or pursue Avoidance Actions, including the Avoidance Actions listed on **Exhibit A** hereto.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, Confirmation Order, and/or Agreement.

[3] All terms not defined herein shall have those definitions as ascribed to them in the Confirmation Order, Plan, or Agreement.

[4] The Distribution Co. Entities are the Debtors. *See* D.I. 452, Ex. E.

## RELIEF REQUESTED

13. Plaintiff has commenced approximately 130 Avoidance Actions, as more fully set forth on **Exhibit A**[5] hereto, to recover avoidable transfers pursuant to sections 547, 548, 549 and 550 of the Bankruptcy Code from the defendants in the Avoidance Actions (each, a "Defendant" and, collectively, the "Defendants").

14. By this Procedures Motion, Plaintiff seeks an order, substantially in the form attached hereto as **Exhibit B** (the "Proposed Order") approving the Proposed Procedures in connection with the prosecution of the Avoidance Actions. The Proposed Procedures are designed to streamline litigation and promote settlement of the Avoidance Actions in a timely and efficient fashion, thereby minimizing the costs to all parties and easing the Court's administrative burden. The Proposed Procedures also preserve the rights of all parties to adjudicate claims and defenses before the Court, if necessary.

## THE PROPOSED PROCEDURES

15. The following is a summary of the Proposed Procedures. The summary is intended solely to give the Court and interested parties an overview of the Proposed Procedures. Interested parties should refer to the Proposed Order attached hereto as **Exhibit B** for a complete understanding of the Proposed Procedures:[6]

### A. Extension of Time to Respond to Complaints

16. The Proposed Procedures extend a Defendant's time to answer or otherwise respond to a complaint by up to sixty (60) calendar days after the Defendant's initial response time

---

[5] Because foreign Defendants have not yet been served with their respective summons and complaint, Plaintiff has not included foreign Defendants on Exhibit A.

[6] To the extent that there are any inconsistencies between the summary and description of the Proposed Procedures set forth in this Motion and the Proposed Order, the Proposed Order shall control.

expires. This extension will help to maximize the number of Avoidance Actions that Plaintiff is able to settle expeditiously and will encourage settlements with Defendants who wish to avoid the expense of preparing and filing responsive pleadings.

**B. Waiver of Pretrial and Scheduling Conferences; <u>Stay of Discovery Until Conclusion of the Mediation Process</u>**

17. Plaintiff also requests that the Court (a) waive the requirement of an initial pretrial conference pursuant to Fed. R. Civ. P. 16, applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7016; (b) except as otherwise provided below, waive the requirement of a scheduling conference pursuant to Fed. R. Civ. P. 26(f), applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026 and Section 2(a) of the General Order; and (c) stay formal discovery in all Avoidance Actions until conclusion of the Mediation Process (as defined below). Waiving and/or staying these requirements will facilitate settlement, minimize costs, and alleviate the Court's administrative burden with respect to the Avoidance Actions.

18. Local Rule 7016-1 provides that the pretrial date scheduled in the summons shall be deemed the scheduling conference under Fed. R. Civ. P. 16(b). Federal Rule of Civil Procedure 16(b), in turn, provides that a scheduling order may only be issued upon the Court receiving the parties' Rule 26(f) report, or upon consulting with the parties at a scheduling conference. However, good cause exists to waive both the scheduling conference and the pretrial conference in this instance. Local Rule 7016-1(a) provides that the attorneys shall confer at least seven (7) days prior to the scheduling conference to address the types of issues addressed in the Procedures Motion, including modification of the time for mandatory disclosures. In this instance, Plaintiff's counsel served the Procedures Motion proposing Plaintiff's modified schedule with a fourteen (14) day objection deadline, with at least a week after that before a hearing is scheduled on the same. This timeline is more generous than the seven (7) days required under the Local Rules, providing

any Defendant with an opportunity to discuss particular issues with Plaintiff's counsel and work toward a mutually acceptable resolution prior to the deadline to formally object to the Procedures Motion. Conversely, should a Defendant take no issue with the Proposed Procedures, the Defendant is spared the expense of attending a pretrial and motion hearing when it is in agreement with the Proposed Procedures. Accordingly, good cause exists to dispense with both a pretrial and scheduling conference.

19. The stay of discovery is consistent with Local Rules, and specifically Local Rule 9015-5(j), which provides for a stay of litigation, with mediation proceedings held first, for avoidance actions with amounts demanded equal to or less than $75,000, upon election of a defendant. Plaintiff proposes to apply these procedures to all Avoidance Actions regardless of size because referral to early mediation – with discovery to follow only if mediation is unsuccessful – benefits all parties by potentially obviating the need for incurring the burdens and costs associated with formal discovery and, thereafter, trial. At the same time, the stay of discovery will not limit the informal exchange of documents or information at any time during settlement discussions or in mediation in an attempt to resolve the Avoidance Action.

20. Moreover, the proposed stay will not preclude either party from requesting pre-mediation formal discovery. Should the non-requesting party consent to formal discovery in advance of mediation, the parties will conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "Scheduling Order") that will provide for the completion of fact discovery before the Mediation Process. The Proposed Procedures provide that, if the non-requesting party does not consent to pre-mediation formal discovery, the requesting party may request relief from the stay of discovery by filing with the Court a 2-page letter, with copy to chambers, outlining the dispute.

21. Following the conclusion of the Mediation Process, if mediation is unsuccessful, the Proposed Procedures provide a uniform timeline for service of Rule 26(a) initial disclosures, and, thereafter, the completion of fact and expert discovery. In light of the number of Avoidance Actions, the implementation of a uniform timeline for discovery and motion practice is critical to providing a structured, efficient process for resolution of the Avoidance Actions. The result will be a process that fosters an expeditious resolution of the Avoidance Actions for the benefit of all parties, discourages dilatory litigation tactics and eases the administrative burden of the Court.

### C. The Mediation Process

22. Mandatory Mediation. The Proposed Procedures provide that, unless otherwise agreed by Plaintiff and a Defendant, any Avoidance Action that has not settled by February 1, 2027, will be referred to mediation (the "Mediation Process"). Mediation will be privileged and confidential, and proceedings, discussions and written materials associated with the Mediation Process will not be reported or admitted into evidence, nor will anything stated or exchanged during the Mediation Process operate as an admission of liability, wrongdoing or responsibility.

23. Mediators. Mediators will be chosen by Defendants from the list of mediators attached hereto as **Exhibit C** (the "Mediators"). Unless extended, Defendants must select a mediator in writing between February 1, 2027 and February 15, 2027. If a Defendant does not timely choose a Mediator, Plaintiff will assign a Mediator. Limiting the number of Mediators assigned to Avoidance Actions will, among other things, (a) minimize the time and expense of negotiating with Defendants over the entire Register of Mediators, and (b) ensure that the Mediators quickly develop a strong understanding of the facts and issues common to all of the Avoidance Actions.

### D. <u>Avoidance Action Hearings</u>

24. The initial pretrial conference set for December 8, 2026, at 10:30 a.m. (ET) shall have been deemed waived. Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to future date(s), if any, as properly noticed.

## ARGUMENT

25. There is ample authority for the Court to approve the Proposed Procedures. Specifically, Bankruptcy Rule 7016(b) authorizes courts to enter scheduling and other orders that limit or modify the time to file motions, complete discovery, and other deadlines as appropriate to the circumstances of the case, with a view toward reducing costs and promoting the prompt resolution and settlement of litigation. *See, e.g.,* Fed. R. Bankr. P. 7016(b)(3)(B). Section 105(a) of the Bankruptcy Code also functions as a grant of broad authority to the bankruptcy court to implement the Proposed Procedures. Specifically, section 105 authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [chapter 11]," 11 U.S.C. § 105(a), and section 105(d) authorizes the Court to issue orders "necessary to further the expeditious and economical resolution of [a] case[.]" 11 U.S.C. § 105(d).

26. The Proposed Procedures are also consistent with the Local Rules and General Order and are similar to procedures adopted in other cases in this District and elsewhere. *See, e.g.*, *In re AB Technologies, LLC*, Case No. 23-11132 (TMH) (Bankr. D. Del. September 23, 2025); *In re Tritek Int'l Inc., et al.,* Case No. 23-10520 (TMH) (Bankr. D. Del. June 11, 2025) (D.I. 785); *In re Pack Liquidating, LLC, et al.*, Case No. 22-10797 (CTG) (Bankr. D. Del. Nov. 3, 2023) (D.I. 1122, cases less than or equal to $75,000.00; D.I. 1123, cases greater than $75,000.00); *In re Port Neches Fuels, LLC*, Case No. 22-10500 (CTG) (Bankr. D. Del. Nov. 21, 2023) (D.I. 211); *In re HRB Winddown, Inc., et al.*, Case No. 19-12689 (BLS) (Bankr. D. Del. Mar. 4, 2022), D.I. 845);

*In re RS Legacy Corp., et al.,* Case No. 15-10197 (BLS) (Bankr. D. Del. Dec. 14, 2015) (D.I. 3675, cases less than or equal to $75,000.00), D.I. 3676, cases greater than $75,000.00). Procedures orders have also been entered in cases pending in other districts as well. *See, e.g.*, *In re Bowflex, Inc.,* Case No. 24-12364 (ABA) (Bankr. D.N.J. April 14, 2026); *re Sears Holdings Corp., et al.*, Case No. 18-23538 (RDD) (Bankr. S.D.N.Y. Dec. 20, 2020).

27. The Proposed Procedures will (a) streamline the resolution of the Avoidance Actions without prejudice to any Defendant, (b) facilitate the prompt and cost-effective resolution of the Avoidance Actions, (c) minimize the Court's administrative burden, furthering the goals of judicial economy and the conservation of judicial resources, and (d) maximize the recovery of funds for creditors of the estate. To the extent that the Proposed Procedures deviate from otherwise applicable rules and orders, Plaintiff submits that there is good cause for such variations in light of the number of Avoidance Actions associated with these Cases. Without the Proposed Procedures, it will be more difficult for this Court to administer these matters. Accordingly, Plaintiff believes that the Proposed Procedures are appropriate under the circumstances and in the best interests of judicial economy and the estates' creditors, as well as all other parties to the Avoidance Actions, and should be approved.

**NOTICE**

28. Notice of this Procedures Motion has been provided to all entities that are Defendants in the Avoidance Actions as of the date hereof, which are identified on **Exhibit A** hereto. Plaintiff respectfully submits that such notice is adequate, and that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant the Procedures Motion, enter the Proposed Procedures Order in the form attached hereto as **Exhibit B** and grant such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
October 28, 2026

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Jennifer R. Hoover*

Jennifer R. Hoover (No. 5111)
Kevin M. Capuzzi (No. 5462)
Melissa A. Sobrepera (No. 7665)
1313 N. Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: jhoover@beneschlaw.com
kcapuzzi@beneschlaw.com
msobrepera@beneschlaw.com

*and*

**A.M. SACCULLO LEGAL, LLC****

*/s/ Mary Augustine*

Anthony Saccullo (DE No. 4141)
Mary Augustine (DE No. 4477)
27 Crimson King Drive
Bear, Delaware 19701
Telephone: (302) 836-8877
Facsimile: (302) 836-8787
Email: ams@saccullolegal.com
meg@saccullolegal.com

*and*

**ASK LLP**
Kara E. Casteel, Esq.
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
Telephone: (651) 406-9665
Facsimile: (651) 406-9676
Email: kcasteel@askllp.com

*Counsel for Plaintiff*