# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>F21 OpCo, LLC, [1]<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 25-10469 (MFW) |
| Steven Balasiano of MHR Advisory Group, LLC, as Plan Administrator for F21 OpCo, LLC,<br><br>Plaintiff,<br>vs.<br><br>Defendants Listed on Exhibit "1,"<br><br>Defendants. | Adv. Nos.: See Exhibit "1"<br><br>**Re: Docket No. ____** |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548 , 549 AND 550 OF THE BANKRUPTCY CODE**

Upon the *Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 547, 548, 549 and 550 of the Bankruptcy Code,* (the "Procedures Motion"),[2] filed by Steven Balasiano of MHR Advisory Group, LLC, in his capacity as Plan Administrator (the "Plaintiff" or "Plan Administrator") for the above-captioned Post-Effective Date Debtor in the above-captioned case, by and through his undersigned counsel, for entry of a procedures order (the "Procedures Order") pursuant to sections 102(1) and 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-

[1] The post-effective date debtor's (the "Post-Effective Date Debtor") service address is c/o MHR Advisory Group, LLC, 6701 Bay Parkway, 3rd Floor, Brooklyn, New York 11204, Attn: Steven Balasiano. On December 15, 2025, the Court entered a final decree closing the chapter 11 cases of Debtor F21 Puerto Rico, LLC, Case No. 25-10470, and Debtor F21 GiftCo Management, LLC, Case No. 25-10471 (the "Closed Debtors" and, collectively with the Post-Effective Date Debtor, the "Debtors").

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

1, 7016-2, and 9019-5 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing streamlined procedures governing all adversary proceedings brought by Plaintiff under sections 502, 547, 548, 549 and 550 of the Bankruptcy Code, which are identified in **Exhibit A** attached hereto (each an "Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefore, it is hereby:

**ORDERED**, that the Procedures Motion be, and hereby is, granted in all respects as set forth herein; and it is further

**ORDERED**, the procedures governing all parties to the Avoidance Actions are as follows:

**A. Effectiveness of the Procedures Order**

1. This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions.

2. This Order will not alter, affect or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination on whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

**B. Extensions to Answer or File Other Responsive Pleading to the Complaint**

3. The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

## C. Waiver of Requirement to Conduct Pretrial Conference

4. Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rules 7004-2 and 7016-1 (i.e., pretrial conferences), is hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plaintiff nor any Defendant shall be required to appear at any initial pretrial conference, including any pretrial originally scheduled for December 8, 2026 at 10:30 a.m. (ET), or any subsequently scheduled pretrial conferences.

## D. Waiver of Requirement to Conduct Scheduling Conference

5. Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions except as otherwise set forth in Paragraph 6(i) and (ii) of this Order. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

## E. Discovery, Mediation, and Dispositive Motion Schedule

6. The parties' obligation to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the Mediation Process is concluded; provided that the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Plaintiff and applicable Defendant from informally exchanging documents and information in an attempt to resolve such Avoidance Action in advance of, or during, the Mediation Process; provided further, that the proposed stay also will not preclude either party from requesting pre-mediation formal discovery. If any party to an Avoidance Action requests pre-mediation formal discovery, then:

   i. Should the non-requesting party consent to pre-mediation formal discovery, the parties shall conduct a Rule 26(f) conference and submit a discovery scheduling order to the Court (each such order, a "Scheduling Order") that will provide for the completion of fact and expert discovery in advance of mediation; and

   ii. If the non-requesting party does not consent to pre-mediation formal discovery:

      a. The requesting party may request relief from the stay of discovery by filing with the Court (with copy to chambers and to the other party to the Avoidance Action) a letter, not to exceed two pages including exhibits, outlining the dispute;

      b. Any reply to such letter (if any) must be filed with the Court (with copy to chambers and to the other party to the Avoidance Action) within two business days after the filing of the letter set forth in Paragraph 6.ii.a. above and shall also be no longer than two pages, including exhibits;

      c. The Court will inform the parties if it requires a conference call or formal motion to resolve the dispute; and

d. Upon resolution of the dispute, either by agreement of the parties or at the direction of the Court, the parties shall either (a) continue with informal discovery and the Mediation Process; or (b) conduct a Rule 26(f) conference and submit a Scheduling Order to the Court.

7. Any open Avoidance Actions that have not been resolved and/or settled by February 1, 2027 (the "Remaining Avoidance Actions"), shall be referred to mandatory mediation (except with respect to any Avoidance Action as to which a Scheduling Order has been entered as provided in Paragraph 6 of this Order).

8. Between February 1, 2027 and February 15, 2027, Defendants in the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") qualified to handle these types of Avoidance Actions, which list is attached to the Procedures Motion as **Exhibit C**. Concurrently, Defendants in the Remaining Avoidance Actions shall notify Plaintiff's counsel of the Defendant's choice of Mediator by contacting Plaintiff's counsel's paralegal, Laurie N. Miskowiec, in writing, via email at **lmiskowiec@askllp.com** or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiff's counsel of the same, Plaintiff will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

9. Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflict checks on the Defendant(s) and, in the event of a conflict, may abstain from acting in the particular mediation. Once the mediator selection period closes and a Mediator is selected or assigned, as applicable, Plaintiff will file a notice of mediation indicating which mediator was selected.

10. On February 15, 2027, Plaintiff, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiff the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiff's counsel shall contact Defendant or Defendant's counsel with a list of proposed dates for mediation provided by the mediator. Mediation will then be scheduled on a first-come, first-served basis.

11. Plaintiff will give at least 21 days written notice of the first date, time, and place of the mediation in each Remaining Avoidance Action (the "Mediation Notice"), which notice shall be served on the applicable Defendant and filed on the docket.

12. Within 14 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "Mediator's Report") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

13. All mediations of the Remaining Avoidance Actions must be concluded by July 30, 2027.

14. Any open Avoidance Actions shall be required to provide the disclosures required under Federal Rule of Civil Procedure 7026(a)(1), as incorporated by Bankruptcy Rule 7026 (the "Initial Disclosures") on or before September 1, 2027.

15. All written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the Mediator's Report is filed. All written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party concurrently with the deadline to provide Initial Disclosures or no later than September 1, 2027. Local Rule 7026-2(b)(ii) shall be modified to allow the counsel for Plaintiff and each Defendant serving the discovery request or response to be the custodian of such discovery material.

16. The parties to the Avoidance Actions shall have through and including November 30, 2027, to complete non-expert fact discovery, including depositions of fact witnesses.

17. The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions.

18. The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information and Local Rule 7026-3, shall apply to the Avoidance Actions.

19. The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions.

20. Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

21. Under the provisions of Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of a) the parties for any issue on which they bear the burden of proof and b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, such expert reports, if any, shall be made to the adverse party on or before January 17, 2028.

22. Under the provisions of Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of the parties' rebuttal experts, if any, shall be made to the adverse party on or before March 1, 2028.

23. All expert discovery, including expert witness depositions, shall be concluded on or before March 31, 2028.

24. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the

Avoidance Actions with respect to supplementation of discovery responses.

25. All dispositive motions shall be filed and served by May 31, 2028. The Local Rules governing dispositive motions in adversary proceedings, including Local Rules 7007-1 – 7007-4, shall apply.

## F. Mediation Procedures and Requirements

26. Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation, except as otherwise agreed to by the parties or directed by the mediator, including to hold mediations via video conference. Local Rule 9019-5 and the Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

27. The Mediators shall be required to file disclosures prior to the scheduling of mediation. Local Rule 9019-2(e)(iii)(B) shall apply.

28. The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. Mediation shall be attended by counsel for each party and a representative of each party having full settlement authority. The default method and/or location of mediation shall be via Zoom or other equivalent secure video platform, *except that* the parties may by consent and with the Mediator's approval agree to attend mediation in person, in which case the mediation will be held in person at the Meditator's office or as otherwise agreed to by the parties and Mediator. Should a dispute arise regarding a Mediator's decision on the location of mediation, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

29. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

30. The Mediator, in the Mediation Notice (by language provided to Plaintiff by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

31. The parties must participate in the scheduling of mediation and mediate in good faith. If the mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the

party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the Mediation. Sanctions may include, but are not limited to, attorney's fees and costs and fees of the Mediator.

32. Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment or dismissal being obtained against the party failing to comply with the mediation provisions. The Mediator shall promptly file with the Court a notice when any party fails to comply with the mediation provisions set forth in the Procedures Order.

33. The fees of the Mediator ("Mediation Fee") shall be paid by Plaintiff on a fixed-fee schedule as set forth below. The Plaintiff shall pay one-fourth (1/4) of the Mediation Fee at least seven (7) calendar days prior to the commencement of mediation (the "Mediation Fee Deposit"). The remaining fee will be due and paid by the Plaintiff on the date of mediation, should the mediation go forward. The Mediation Fee Deposit will only be refunded to the Plaintiff in the event that the parties inform the Mediator at least seven (7) calendar days prior to the scheduled mediation that they have reached a settlement and the mediation will not go forward. The Mediator's fees shall be fixed as follows:

   a. cases with a claim amount (as reflected in the complaint) of less than $250,000: $3,000.00 per case;

   b. cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $4,000 per case; and

   c. cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $6,000 per case.

34. In addition to the Mediation Fee, the Plaintiff shall pay the Mediator a $250.00 administrative fee upon acceptance of the appointment.

35. Mediation that is continued for more than one calendar day will be continued on an hourly fee basis to be paid equally by the Plaintiff.

36. Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time and, in such event, the Mediation Fee shall be based upon the combined total claim amount for all related Avoidance Actions.

37. Mediation statements are due seven (7) calendar days prior to the mediation to the Mediator. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share the same solely with the Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements.

38. Without the prior consent of both parties, no Mediator shall mediate a case

in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

39. The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-5(d) shall apply.

40. All proceedings and writing incident to the mediation shall be privileged and confidential and shall not be reported or placed in evidence. Local Rule 9019-(5)(d) shall apply.

## G. Initial Pretrial Conference; Avoidance Actions Hearings

41. The initial pretrial conference scheduled for December 8, 2026 at 10:30 a.m. (ET) shall be deemed waived. Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to future date(s), if any, as properly noticed.

42. If, after all discovery has been completed in an Avoidance Action and mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court. At the next scheduled omnibus hearing or at such other date convenient to the Court, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

## H. Miscellaneous

43. The Local Rules shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

44. The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT 1

| Defendant Name | Adversary No. |
|---|---|
| 3B International Limited Liability Company | 26-50746 |
| 4 What It's Worth, Inc.; and New Commercial Capital, Inc. | 26-50747 |
| AA Fashions, Inc.; and The CIT Group/Commercial Services, Inc. | 26-50748 |
| ACCO Engineered Systems, Inc. | 26-50749 |
| Alone Again Studio, LLC | 26-50750 |
| Amass Global Network (US) Inc. | 26-50866 |
| Amercian Stitch, LLC; and The CIT Group/Commercial Services, Inc. | 26-50752 |
| Aqua Blues Worldwide Inc. | 26-50755 |
| BBC International LLC | 26-50758 |
| Beitler Logistics Services, Inc. | 26-50867 |
| Bio World Merchandising, Inc.; and The CIT Group/Commercial Services, Inc. | 26-50789 |
| Brillante USA, Inc. | 26-50761 |
| C.F.H. Fashion Inc. | 26-50763 |
| CDW Direct, LLC ** | 26-50976 |
| Civil Clothing Inc. | 26-50765 |
| C-Life Group Ltd. | 26-50766 |
| Cloud & Sky Enterprises | 26-50767 |
| CMS Mechanical Services, LLC | 26-50768 |
| Conectiv Global Logistics, LLC fdba Vantiva Global Logistics, LLC | 26-50868 |
| Crestone, LLC dba Jaloux and Hazel | 26-50770 |
| CS Consulting Group Inc. dba One Glo | 26-50771 |
| Daniel M. Friedman & Associates, Inc.; and The CIT Group/Commercial Services, Inc. | 26-50772 |
| DSS Games, Inc. | 26-50774 |
| Dynamicaction, Inc. | 26-50775 |
| East Coast/West Coast Logistics, LLC; and TGCL, LLC dba The Gilbert Company ** | 26-50977 |
| Fabrique Innovations, Inc.; and The CIT Group/Commercial Services, Inc. | 26-50776 |
| Famma Group, Inc.; and The CIT Group/Commercial Services, Inc. | 26-50777 |
| Fastmile Delivers LLC | 26-50869 |
| For Play Caatalog Inc. | 26-50778 |
| Freemall Associates LP | 26-50779 |

| | |
|---|---|
| Global Fashion Resource, Inc.; and New Commercial Capital, Inc. | 26-50780 |
| Hurricane Han Inc. | 26-50785 |
| Hybrid Promotions, LLC dba Hybrid Apparel; and Wells Fargo Bank, National Association ** | 26-50978 |
| Intelepeer Holdings, Inc.; and Intelepeer Cloud Communications LLC | 26-50788 |
| International Innovations, Inc. dba International Hangers | 26-50789 |
| J & F Design Inc.; and The CIT Group/Commercial Services, Inc. | 26-50790 |
| J & G International, Inc. | 26-50791 |
| Jacob Supplies, Inc. dba Heart & Hips; and The CIT Group/Commercial Services, Inc. | 26-50792 |
| JSK Tech, Inc. dba KSJ Design Build | 26-50796 |
| JSL Logistics, Inc. | 26-50870 |
| Just For Wraps Inc.; and The CIT Group/Commercial Services, Inc. | 26-50798 |
| Kimera International Inc. | 26-50799 |
| Knight Transportation, Inc. dba Knight Transportation Services | 26-50871 |
| La Mia Fashion Co., Ltd. | 26-50800 |
| Lennox Industries Inc.; and Lennox National Account Services LLC | 26-50801 |
| Life Clothing Co. | 26-50804 |
| Louise Paris, Ltd.; and The CIT Group/Commercial Services, Inc. | 26-50805 |
| Mad Engine LLC; and Wells Fargo Bank, National Association ** | 26-50980 |
| Mastercard International Incorporated | 26-50808 |
| Maxim Service Group Inc. | 26-50809 |
| McAve Media, LLC | 26-50810 |
| Merch Traffic LLC | 26-50811 |
| Metric Theory LLC | 26-50812 |
| Millennium Equestrian Agency LLC | 26-50813 |
| Ms. Bubbles, Inc.; and The CIT Group/Commercial Services, Inc. | 26-50815 |
| National Delivery Systems, Inc. | 26-50872 |
| Natural Model Management, LLC | 26-50821 |
| Navi Accessories, Inc. | 26-50822 |
| NFS Monitoring, Inc. | 26-50824 |
| O & K Clothing, Inc. dba One Clothing | 26-50827 |

| | |
|---|---|
| Pace Runners, Inc. | 26-50873 |
| Palmer Dedicated Logistics, LLC | 26-50874 |
| Planet Gold Clothing Co. Inc.; and The CIT Group/Commercial Services, Inc. | 26-50830 |
| Plogmag Agency, Inc. | 26-50831 |
| Product Development International, LLC | 26-50833 |
| Reason Brand, Inc.; and The CIT Group/Commercial Services, Inc. | 26-50879 |
| Show-In Inc. | 26-50842 |
| Shutterstock, Inc. | 26-50843 |
| Sky Eagle Logistics, Inc. | 26-50875 |
| Sony Music Holdings Inc. dba Sony Music Entertainment | 26-50846 |
| Spaco, Inc. | 26-50847 |
| Speedy Delivery LLC | 26-50876 |
| Strategiq Commerce L.L.C. | 26-50877 |
| Super Impulse USA, LLC | 26-50849 |
| The Creme Shop, Inc. | 26-50850 |
| The Group L.A., Inc. | 26-50851 |
| Thirty Single, LLC; and The CIT Group/Commercial Services, Inc. | 26-50852 |
| Troy Designs, Inc. | 26-50853 |
| UCC Distributing, Inc. | 26-50854 |
| Verge Marketing, Inc. dba Verge Creative; and Hilldun Corporation | 26-50856 |
| Wesley Kraker Enterprises, Inc. dba Pathmark Transportation Market Co. | 26-50878 |
| West Bridge Apparel Inc. | 26-50558 |
| Wilhelmina International Inc. | 26-50859 |
| Withy, Inc. | 26-50860 |

*84 Adversary Proceedings